**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**GERALD L. KUNIN,**

                    **Plaintiff,**          **CASE NUMBER: 10-11456**
                                            **HONORABLE VICTORIA A. ROBERTS**

**v.**

**COSTCO WHOLESALE CORPORATION,**

                    **Defendant.**
————————————————————————/

**ORDER DENYING PLAINTIFFS' MOTION
TO FILE A SECOND AMENDED COMPLAINT**

**I.      INTRODUCTION**

        Before the Court is Plaintiff Gerald Kunin's Motion to File a Second Amended

Complaint.  (Doc. # 41).

        The Court **DENIES** the motion.

**II.     BACKGROUND**

        Plaintiff Gerald L. Kunin filed a First Amended Complaint against Defendant,

Costco Wholesale Corporation ("Costco") on April 23, 2010 on behalf of himself and

persons similarly situated.  Kunin alleges that Costco violated the Michigan Consumer

Protection Act ("MCPA"), breached its contract with him and putative class members,

and was unjustly enriched as a result of its own conduct.  These allegations arise from a

purported company-wide policy at Costco to: (1) encourage "Gold Star" and "Business"

members to upgrade to what is known as "Executive Membership" status for an

additional $50.00 per year by promising a reward certificate at the end of the year worth

1

at least that amount; and (2) fail to deliver on that promise.

On November 15, 2010 Kunin moved the Court for class certification under Federal Rule of Civil Procedure 23.  The Court head oral argument on March 2, 2011 and denied the motion.  The Court concluded that a class action was inappropriate under Fed. R. Civ. P. 23(b)(3) because Kunin failed to establish predominance of common questions over individual ones and superiority of a class action over other methods to resolve the controversy.  The Court declined to address the requirements of Rule 23(a).

Plaintiff now moves to amend his Complaint to add fourteen Plaintiffs with similar claims against Costco and three allegations "for the purpose of clarifying and refining the causes of action."  (Doc. # 41 at 1).

### III.    ARGUMENTS

####     A.    Plaintiff

Kunin says the Court should grant him leave to add fourteen Plaintiffs because they are a part of the alleged putative class and their joinder will not result in material delay or substantial prejudice to Defendant.  Kunin emphasizes, "by not adding the additional named plaintiffs, those individuals would be required to file new suits, which would cause further expense, delay, and prejudice to the Defendants."  (*Id.* at 5-6).

Kunin says his additons clarify his allegations by referencing a Costco policy which motivated the material misrepresentations he relied on when he signed up for an Executive Membership.  Kunin says Defendant has been on notice that he alleges Costco's actions reflect a company-wide policy and Defendant responded to this allegation.  "The averments do not add any additional counts or new claims against the

2

Defendant," he says.  (*Id.* at 6).  Thus, the "added averments will not create any

substantial prejudice, and will instead provide some clarification to allow for the more

efficient and proper disposition of the case," he claims.  (*Id.*).

### B.   Defendant

Defendant takes issue with Kunin's reliance on Fed. R. Civ. P. 15; it argues the

proper standard is set by Rule 16 because Kunin's request to amend contravenes the

Court's Phase I Scheduling Order (Case Management Conference Order).  Defendant

says Kunin cannot show "good cause" to amend his Complaint under Rule 16(b)(4).

Defendant also says Kunin's proposed amendment will severely prejudice it because

the reopening of class certification discovery after this Court denied class certification

would delay the litigation for a substantial period.

Defendant says Kunin's motion also fails to meet Rule 15 standards because

apart from prejudicing Costco, it is brought after undue delay, in bad faith, and with a

dilatory motive; Defendant also says the amendment is futile.  Defendant contends the

proposed amendment seeks to remedy the defects that precluded class certification, but

does not do so.  It says the Second Amended Complaint does not satisfy the mandatory

prerequisites of Rule 23 because, for example, the claims still do not meet the

predominance or superiority requirements of subsection (b)(3).  Defendant emphasizes

that fact-intensive inquiries are still necessary, such as questions about "the

circumstances under which each Costco Executive Member in Michigan obtained his or

her Executive Membership."  (Doc. # 43 at 13).

Defendant says a brief sampling of Costco account records for the fourteen

proposed Plaintiffs reveals that at least seven of them do not fit within the claims in the

Second Amended Complaint, and thus, lack standing.  Defendant says these seven

Plaintiffs, at the very minimum, would not be able to serve as class representatives.

Finally, Defendant contends Kunin's motion is a disguised attempted to seek the

intervention of additional named Plaintiffs after the Court denied class certification.  It

says courts in this circuit and others hold that intervention by new parties is

inappropriate after denial of class certification.  Defendant asks the Court to require

Kunin to amend his Complaint to eliminate the class action allegations.

**IV.    ANALYSIS**

The briefs largely overlook the most important issue Kunin's motion raises: is it

proper for Kunin and the fourteen proposed Plaintiffs to join in one action against

Costco?  With his motion to amend the Complaint, Kunin seeks to add: (1) fourteen

Plaintiffs and (2) three averments.  He says the fourteen proposed Plaintiffs have similar

claims against Costco and the three averments will clarify and refine the causes of

action.  Both are improper.  First, Kunin and the fourteen proposed Plaintiffs cannot join

in one action against Costco because Kunin cannot show "transactional relatedness"

under Rule 20(a).  Neither Kunin nor Costco discusses this rule related to joinder of

parties.  Second, the three averments Kunin seeks to add do not clarify or refine his

claims; amendment would be futile.

**A.    Joinder of Parties: the "Transactional Relatedness" Test under Rule 20(a)**

Kunin moves to amend his Complaint to add fourteen Plaintiffs under Fed. R.

Civ. P. 15.  Defendant contends Kunin must meet the more stringent requirements of

Rule 16.  Rule 16(b)(4), regarding modifying a scheduling order, is inapplicable, since

4

these was no deadline in the Court's Phase I Scheduling Order to amend pleadings. (*See* Doc. # 14).

The Sixth Circuit has not determined whether Rule 21, governing misjoinder and nonjoinder of parties, or Rule 15, governing amended and supplemental pleadings, controls when an amendment seeks to add parties to a lawsuit. *Broyles v. Corr. Med. Servs.*, No. 08-1638, 2009 WL 3154241 (6th Cir. Jan. 23, 2009). However, the standard is the same: Kunin must obtain leave of court under both rules. *See Dura Global Techs., Inc. v. Magna Donnelly Corp.*, No. 2:07-cv-10945, 2011 WL 4532875, at *2 n.1 (E.D. Mich. Sept. 30, 2011) (citing Moore's Fed. Practice, § 115.16[1] (3d ed. 2011)). Further, Rules 15 and 21 allow amendment of pleadings "when justice so requires" and "on just terms." *See* FED. R. CIV. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."); FED. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

However, to determine whether it would be just to allow Kunin to add fourteen Plaintiffs, the Court finds an analysis under Fed. R. Civ. P. 20 necessary. While Rules 15 and 21 set forth the standard for allowing a party to amend his pleadings to add or remove parties, Rule 20(a)(1) sets forth the standard to determine whether multiple persons may join in one action as plaintiffs. If Kunin cannot meet the requirements of Rule 20(a)(1), he cannot show that justice requires that this Court grant him leave to amend to add the proposed Plaintiffs.

5

Federal Rule of Civil Procedure 20(a) limits the joinder of parties.  Rule 20(a)(1) provides:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Kunin and the proposed Plaintiffs do not assert a joint and several right to relief; so, to satisfy the first part of this two-part test, the question is, do the proposed Plaintiffs' rights to relief arise from the same transaction, occurrence, or series of transactions or occurrences?  This is  referred to as the transactional relatedness test.  *See, e.g.*, *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 231 (M.D. Tenn. 2001).  It is more difficult to show transactional relatedness under Rule 20(a)(1)(A) than to show a common question of law or fact under Rule 20(a)(1)(B)*.  Id.*

The purpose of Rule 20 is to promote trial convenience and expedite the final determination of disputes to prevent unnecessary multiple lawsuits. 7 Charles A. Wright et al., *Federal Practice and Procedure* § 1652 (3d ed. 2011).  But, a court has discretion to deny joinder if it determines that addition of the party will not promote the objectives of the rule, but will result in prejudice, expense, or delay.  *Id*.

In *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (6th Cir. 1974), the Eighth Circuit said, "Rule 20 [ ] permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding.  Absolute identity of all events is unnecessary."  To determine whether joinder of parties is proper, courts often ask whether there will be overlapping testimony and evidence to support the plaintiffs' claims.  *See, e.g.*, *Wickley v. Chattanooga Hous. Auth.*, No. 1:08-cv-218, 2009 WL

6

1309766, at *1 (E.D. Tenn. May 7, 2009) .  When claims involve different conduct during different time periods, they should not be tried together.  *See Johnson v. Indopco*, Inc., 846 F.Supp. 670, 676 (N.D. Ill. 1994); *cf. Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("[T]he 'same transaction' requirement, refers to similarity in the factual background of a claim.").

Kunin alleges that a company-wide policy to tell customers the Executive Membership is "risk-free" and they "can't lose" motivated the distinct oral representations made to each Plaintiff.  In *Mosely*, relying on the Supreme Court's decision in *United States v. Mississippi*, 380 U.S. 128 (1965), the Eighth Circuit permitted joinder of ten plaintiffs who alleged that their employer, General Motors, and the Union, discriminated against them based on their race.  497 F.2d at 1333.  The court held that the plaintiffs asserted a right to relief arising from the same series of transactions or occurrences because they alleged they were injured by a company-wide policy of discrimination.  *Id.* at 1333-34.  It concluded that "a company-wide policy purportedly designed to discriminate against blacks in employment [ ] arises out of the same series of transactions or occurrences."  *Id.* at 1334.

In *Mississippi*, the Supreme Court held that six county voting registrars could be joined as defendants in one action which charged discrimination that resulted in thwarting the right of African-American citizens to vote.  380 U.S. at 130.  The district court said joinder was improper because the registrars' purported actions constituted individual torts committed by them separately with reference to separate voting applications.  *Id.* at 142.  The Supreme Court reversed; it reasoned, "the complaint charged that the registrars had acted and were continuing to act as part of a state-wide

7

system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color." *Id.* It concluded that because a state-wide policy was alleged, the registrars were "alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended to a large extent upon question(s) of law or fact common to all of them." *Id.* at 143 (internal quotation marks omitted).

Although Kunin alleges a store-wide policy to tell customers that the Executive Membership is "risk-free" and "no-cost," this policy, by itself, is not deceptive or unlawful. In *Mosley* and *Mississippi*, the alleged policies were to discriminate and the complaints were based on the defendants' execution of the unlawful policies. For example, in *Mississippi*, the Supreme Court opined that it was *inevitable* that the state-wide system would lead to racial discrimination.

It is not inevitable or even likely that the policy Kunin alleges would lead to the formation of oral contracts through false promises made by Costco employees. There is nothing inherently unlawful about telling Costco customers that the Executive Membership is a risk-free, no-lose program. If customers read the Executive Membership brochure, they learned they might not receive a $50 reward but could ask for a refund of the difference; if they did what Kunin admittedly did and complained about earning a reward worth less than $50, they were reimbursed the difference. Thus, the program can correctly be regarded as risk-free and no-lose. Therefore, the right to relief cannot be based simply on the purported policy. Instead, liability will turn on individual inquiries into the way this risk-free program was described to each plaintiff, among other factors unique to each Plaintiff. Unlike in *Mosley* and *Mississippi*, it cannot

8

be said that the Costco sales agents were carrying on activities which were part of a series of transactions or occurrences when they entered into the alleged oral agreements with the proposed Plaintiffs.  Rather, each upgrade constitutes a transaction separate from, and unrelated to, the next.

Even if Kunin could potentially establish enough similarity of events to allege the proposed Plaintiffs' rights arise from a series of transactions or occurrences, his Second Amended Complaint is wholly insufficient in this regard.  In *Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73 (E.D. Wis. 1985), the district court held that four plaintiffs who were former employees of the defendant employer could join in one action against the employer where the claim was premised on a company-wide policy resulting in material misrepresentations being made during job interviews.  *Id.* at 79.  The court acknowledged that the plaintiffs were unrelated and there were several material dissimilarities between their substantive allegations, making the question of joinder a close one.  *Id.* at 78-79.  However, "the plaintiffs' characterization of the defendant's actions as demonstrating a continuing pattern or practice with respect to its employment of admittedly unrelated individuals," convinced the court that joinder was proper: "The particular circumstances under which each of the four plaintiffs interviewed for, began, and ultimately terminated employment with the defendant are...sufficiently similar to overcome the peculiar temporal and factual dissimilarities that might otherwise justify severance."  *Id.*

Unlike *Hohlbein*, Kunin's proposed Complaint and motion do not set forth sufficient facts for the Court to judge the similarity of the particular circumstances under

9

which the proposed Plaintiffs were allegedly harmed.  The Complaint merely alleges that the Plaintiffs unwittingly received less than the amount Costco owed them in rewards.  That they believed they were entitled to more than they received does not tell the Court why they believed they were entitled to more.  There is no context provided, such as what the Costco representatives told each proposed Plaintiff to induce him or her to buy an Executive Membership or whether the proposed Plaintiff was encouraged to read the membership brochure or other materials before signing up.  The Complaint does not even reveal whether the particular proposed Plaintiff spoke to a sales agent before signing up.  The allegation that each Plaintiff believed he or she was entitled to more rewards does not establish a Costco policy  resulting in material misrepresentations being made to induce customers to upgrade their memberships.  The *Hohlbein* court recited detailed accounts of each co-plaintiff's experience interviewing with a representative of the defendant company.  The accounts the plaintiffs provided were similar enough to convince the district court that a series of related occurrences resulted in the alleged harm.

Kunin presents nothing, beyond his conclusory assertion of a Costco policy resulting in material misrepresentations, to show a series of related transactions or occurrences.  On the other hand, Costco presents compelling evidence that there is little or no relationship among the proposed Plaintiffs.  It presents the declaration of Michelle Acpal, a Database Marketing Analyst for Costco, that four of the proposed Plaintiffs received Executive Rewards greater than $50.00 each year they were executive members; one has not been an executive member long enough to generate a reward certificate; two have never been executive members.

10

Kunin does not submit any evidence to refute Costco's showing that the proposed Plaintiffs do not assert a right to relief arising from a series of transactions or occurrences and that individual questions would predominate if these Plaintiffs were tried together. *See, e.g.*, *Wickley,* 2009 WL 1309766, at *1 (severing two plaintiffs' claims because plaintiffs did not refute the defendant employer's evidence that its separate lay-offs of plaintiffs did not constitute one series of occurrences where the terminations occurred several weeks apart, each plaintiff was employed in a different division working under different supervisors, and different decisionmakers made the decision to lay-off each plaintiff).

Several cases support this Court's decision to deny this request to add Plaintiffs. In *Demboski v. CSX Transp., Inc.*, 157 F.R.D. 28, 28-29 (S.D. Miss. 1994), a district court in Mississippi severed four plaintiffs' wrongful death and personal injury claims despite their argument that their losses stemmed from a pattern or general practice by the defendant railroad of a lack of internal governance with respect to federal, local, and internal safety rules and regulations.  The court acknowledged that there are several cases where courts have found a series of related transactions or occurrences where a general pattern of conduct was alleged, but held joinder was improper because the four accidents forming the basis of the plaintiffs' claims involved "different plaintiffs, separate accidents, different crossings, different driver conduct, different vehicles, different injuries, different damages, different defensive postures, and different physical facts which relate to federal preemption*." Id.* at 29-30.

The court distinguished the case from those the plaintiffs relied on: "Most of the cases cited by the Plaintiffs involved allegations of discrimination and

11

misrepresentations where the facts alleged by each plaintiff were inextricably

interwoven together to show a common pattern of discrimination or misrepresentation."

*Id.* at 29.  The court reasoned:

> Although Plaintiffs may develop some evidence indicating negligence on
> the part of Defendant that will be common to all claims, this Court is
> persuaded that common sense dictates that the evidence in other
> instances as to each specific incident will be so dissimilar that it would be
> very difficult to manage a consolidated trial.  Certainly it would be difficult
> to try all four of these separate cases together and be fair to all parties.
> The Court finds that the burden imposed on the Defendant to defend four
> substantially different sets of facts and law in only one forum far outweighs
> any practical benefits that might accrue to the parties and the Court in the
> conservation of judicial, prosecutorial, and defensive resources.
> Therefore, the Court holds that the Plaintiffs have failed to satisfy the first
> prong of Rule 20(a).

*Id.* at 30.

In another case, *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674 (6th Cir.

1988), the Sixth Circuit upheld the district court's conclusion that a defendant banking

company was misjoined with several other banks.  The plaintiff and defendant banks

had entered into loan agreements which obligated the plaintiff to pay an interest rate

based on each bank's own stated "prime rate."  *Id.* at 676.  The plaintiff alleged the

banks fraudulently exacted excessive interest payments.  *Id.*

The Sixth Circuit opined:

> As Judge Kreenzler found, the loan transaction forming the basis for the
> claims against the Ameritrust defendants was wholly unrelated to other
> matters at issue in this case.  The one Ameritrust-related loan made to
> Michaels Building Company has no relation to the loans made by the other
> defendants.  The various transactions, as Judge Krenzler wrote, "involve
> different banks, different contracts and different terms."  Moreover, the
> Ameritrust loan document contains an entirely different representation as
> to its interest rate than the loan documents of the other defendants.
> Variation in loan policies is a further reason to disallow joinder.

12

*Id.* at 682.  Just as variation in loan policies was a reason to disallow joinder in *Ameritrust*, variations in the oral representations made by the Costco sales agents is a reason to disallow joinder here.  This case involves different Costco employees, stores, time periods, oral contracts (if any), and potentially different terms of any oral contracts.  As the Court already held, individual inquiries predominate.

Finally, even if the proposed Plaintiffs' harm arose from a series of occurrences, the Court would exercise its discretion to deny joinder to avoid confusion, delay, and unreasonable prejudice to Defendants.  *See Bridgeport Music*, 202 F.R.D. at 232.

In *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516 (5th Cir. 2010) (per curiam), the Fifth Circuit held that the district court did not abuse its discretion in denying the mass joinder of 800 current or former convenience store employees in an action seeking payment of unpaid wages and overtime from the defendant employer under the Fair Labor Standards Act.  The Fifth Circuit said, assuming the plaintiffs could show transactional relatedness under Rule 20 based on the defendant's company-wide policy to encourage working off the clock, the district court acted within its wide discretion to conclude that trying the claims together would be too logistically challenging given the divergent working conditions at each store and the different defenses applicable to each plaintiff's claim.  *Id.* at 522.

Similarly, here the alleged violations occurred across a network of Costco warehouses, each with its own managers and sales agents.  The circumstances surrounding the proposed Plaintiffs' decisions to become executive members are undoubtedly dissimilar.  While the alleged policy is the same at each store, the way in which the sales agents executed the policy most likely varies, not only from store to

13

store, but within each store.  Costco may have defenses that apply to some of the proposed Plaintiffs but not others, or different defenses depending on the Plaintiff. Given the plethora of fact specific inquiries the parties will have to make throughout the trial, it is impracticable for Kunin and the fourteen proposed Plaintiffs to join in one lawsuit.  Instead of one cohesive trial with common questions of law and fact predominating, there would be fifteen mini-trials rolled into one.  This would inevitably lead to jury confusion, delay, and prejudice to one or both sides.  Consequently, the Court will not permit Kunin to amend his Complaint to add fourteen Plaintiffs.

### B.    Adding Averments: Futility under Rule 15

Kunin also seeks to add three averments to his Complaint.  Two paragraphs refer to an alleged "company-wide policy" for Costco employees to: (1) instruct Costco members that they "can't lose" by upgrading their memberships; (2) encourage regular Costco members to upgrade to Executive Membership; (3) fail to remit full payment to the members at the end of the year; and (4) use the surplus for Costco's own benefit. (*See* Doc. # 41-1; Plaintiff's Ex. 1, Second Amended Class Action Complaint and Jury Demand at ¶s 49, 50).  The third paragraph alleges that the oral representations of Costco employees directly reflect and carry out the company-wide policy.  (*Id.* at ¶ 52).

Under Fed. R. Civ. P. 15(a)(2), if a plaintiff does not meet the requirements of section (a)(1), he may amend his Complaint only with the opposing party's written consent or the court's leave.  "The court should freely give leave when justice so requires."  *Id.*  But, a motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the

14

opposing party, or would be futile. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

The proposed amendment is futile. It appears the only reason Kunin seeks to add references to a Costco formal policy is to provide a foundation for joinder of more Plaintiffs, and to again attempt to certify a class. The Court already ruled that the factual allegations of the Complaint are not amenable to class treatment. The existence of an official Costco policy does not change this. Nor does it change the Court's analysis of the joinder issue. The amendment is futile also because the First Amended Complaint adequately pleads the existence of a pattern or practice on the part of Costco's employees to market the Executive Membership as a "can't lose" program. The additional averments are not needed for clarity.

### C.   Elimination of Class Action Allegations: Rule 23(d)(1)(D)

Defendant asks the Court to require Kunin to strike the class allegations from his Complaint. According to Federal Rule of Civil Procedure 23(d)(1)(D), a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." After a court decides that a class action is not proper, it typically issues an order requiring that the pleadings be amended to reflect that decision. 7B Charles A. Wright et al., *Federal Practice and Procedure* § 1795 (3d. 2011). "In short, Rule 23(d)(1)(D) can be used to remove class allegations from a complaint after the class certification issue has be[en] properly presented and determined by a court." *Boatwright v. Walgreen Co.*, No. 10 C 3902, 2011 WL 843898, at *2 (N.D. Ill. 2011 Mar. 4, 2011). The Advisory Committee's Notes on Rule 23 teach, "[a] negative determination [on the issue of class certification] means

15

that the action should be stripped of its character as a class action."

Based on this authority and the Court's determination that class treatment of Kunin's claims is inappropriate, the class allegations must be stricken from the Complaint; Kunin must amend his Complaint to state individual – rather than class action – claims against Costco.

## V.    CONCLUSION

The Court **DENIES** Plaintiff's motion to amend his Complaint to add fourteen Plaintiffs and three averments.  Also, Plaintiff must amend his Complaint to eliminate the class action allegations.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 7, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 7, 2011.

s/Linda Vertriest
Deputy Clerk

16